UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ADVANCED MICRO DEVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> ROBERT FELDSTEIN, MANOO DESAI, NICOLAS KOCIUK, and RICHARD HAGEN, <br><br> Defendants. | Civil Action No. <br><br><br> **PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND** |

Plaintiff Advanced Micro Devices, Inc. ("AMD") files this Original Complaint and Application for Injunctive Relief complaining of Defendants Robert Feldstein, Manoo Desai, Nicolas Kociuk, and Richard Hagen (collectively, "Defendants"), and shows the Court the following:

## BRIEF SUMMARY OF THIS ACTION

This is an extraordinary case of trade secret transfer/misappropriation and strategic employee solicitation. Thousands of AMD documents or electronic files have been taken from its facilities by employees leaving to work for its primary competitor in the graphics business, NVIDIA Corporation ("NVIDIA"). Forensically-recovered data shows that it began when former AMD executive, Defendant Feldstein, left AMD in July 2012. He transferred sensitive AMD documents, and in the next six months the remaining three defendants either did the same thing, violated "no-solicitation of employees" promises, or both – all obvious violations of common law, statute, and/or contracts with AMD.

AMD has uncovered evidence that three of the four defendants—Feldstein, Desai, and Kociuk—transferred to external storage devices trade secret files and information in the days prior to their leaving AMD to work for NVIDIA. The volume of materials that these three defendants collectively transferred to storage devices, each of which is unaccounted for, as they left to work for AMD's competitor exceeds 100,000 electronic files. The names of identified and transferred files match identically or very closely to the names of files on their AMD systems that include obviously confidential, proprietary, and/or trade secret materials relating to developing technology and/or highly confidential business strategy.

A separate review of Defendant Desai's and Kociuk's AMD computers revealed that Defendants Hagen and Feldstein both participated in recruiting Desai, who in turn recruited Kociuk and perhaps additional AMD employees to leave AMD for competitor NVIDIA. The continued and ongoing solicitation of AMD employees by these three defendants is a violation of their agreements with AMD, and if unrestrained, will almost certainly amplify the effect of the wholesale transfer of AMD's information that has occurred and may continue to occur. AMD must take action to stop this conduct, which could unfairly affect the marketplace in a fast-paced, ultra-competitive, and highly-sophisticated technical industry.

## I. PARTIES

1. Plaintiff AMD is a Delaware corporation, with its principal place of business in Austin, Texas. AMD also has a facility in Boxborough, Massachusetts, where all four defendants formerly worked.

2. Defendant Robert Feldstein ("Mr. Feldstein") is an individual who resides at 17 Merriam Road, Grafton, Massachusetts, Worcester County.

3. Defendant Manoo Desai ("Ms. Desai") is an individual who resides at 2 Elliot Circle, Shrewsbury, Massachusetts, Worcester County.

4. Defendant Nicolas Kociuk ("Mr. Kociuk") is an individual who resides at 14 Ellen Street, Worcester, Massachusetts, Worcester County.

5. Defendant Richard Hagen ("Mr. Hagen") is an individual who resides at 1 Laurel Avenue, Northborough, Massachusetts, Worcester County.

## II. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1331 because AMD is asserting claims under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030. This Court also has subject matter jurisdiction over this matter under 28 U.S.C. § 1332(a) because the amount in controversy exceeds the minimum diversity jurisdictional limits of this Court, exclusive of interest and costs, and is between citizens of different States.

7. This Court has personal jurisdiction over Defendants because they reside in Massachusetts, transact business in Massachusetts, have made and performed contracts in Massachusetts, and/or have breached duties, violated statutes, and/or committed tortious acts in Massachusetts.

8. Venue is proper in this District under 28 U.S.C. § 1391(b)(1)-(2) because at least one of the defendants resides in this District and a substantial part of the events or omissions giving rise to the claims occurred in this District.

## III. FACTS

9. All four defendants used to work for AMD but now work for—or, in the case of Defendant Kociuk, will soon be working for—NVIDIA.

10. NVIDIA and AMD are direct competitors.

11. All four defendants had access to AMD's trade secrets and confidential information.

12. All four defendants signed agreements promising to protect such information and to return such information to AMD at the end of their employment.[1]

13. AMD goes to great lengths to protect its confidential, proprietary, and trade secret information.

14. The last day Mr. Feldstein used his AMD computer before leaving for NVIDIA, two external storage devices were connected to his computer.

15. Onto those storage devices, three highly confidential files—two licensing agreements with significant customers, and a document outlining proposed strategies to AMD's strategic licensing—were transferred.

16. Mr. Feldstein's Outlook emails, which almost certainly contain a wide array of confidential information, were also, apparently, transferred to one of the storage devices.

17. All of this confidential information would provide an unfair advantage if improperly used for or disclosed to a competitor, like NVIDIA, or if used by an NVIDIA employee in furtherance of NVIDIA's competitive interest.

18. After Defendant Desai decided to work for NVIDIA, she and Defendant Kociuk e-mailed about how Ms. Desai could manipulate and eliminate certain data on her AMD computer.

19. The day before Ms. Desai's last day at AMD, an external storage device was attached to her AMD computer.

20. A folder called "Perforce"—which is the name of an AMD internal database containing the confidential technological work and development of AMD process and product—was created on the external device.

---

[1] These agreements are attached as Exhibits B-1–B-4 to AMD's Application for Expedited *Ex Parte* Temporary Restraining Order.

21. AMD has confirmed that a folder on Ms. Desai's desktop, also called "Perforce," contains more than 200 files, many of which bear confidentiality designations on their face.

22. A review of documents in this folder confirm that they contain highly confidential technical information relating to the latest generation of product and process being developed by AMD, information that would provide an unfair advantage if disclosed to competitors.

23. In the days leading to Ms. Desai's departure, and the following week, Defendant Kociuk ran several internet searches about how to copy and/or delete large numbers of documents.

24. Approximately two weeks before Mr. Kociuk turned in his resignation to AMD, more than 150,000 files—believed to be full copies of AMD laptop and desktop computers—were transferred from his AMD computer to an external hard drive.

25. Given the nature of Mr. Kociuk's work for AMD, his computer necessarily contains AMD confidential information that would provide an unfair advantage if disclosed to a competitor, or used by a competitor's employee in furtherance of that competitor's interests.

26. The conduct of Defendants Feldstein, Desai, and Kociuk, described above, violates their contractual, common-law, and statutory obligations to AMD.

27. All four defendants also signed agreements promising not to solicit AMD employees during their employment and for a limited time thereafter.

28. In addition to misappropriating AMD's confidential information, Defendants Feldstein and Desai also violated these non-solicitation agreements, Mr. Feldstein by soliciting Ms. Desai, and Ms. Desai by soliciting Mr. Kociuk (and potentially others).

29. Defendant Hagen violated his non-solicitation agreement as well by soliciting Ms. Desai.

30.  The loss of talent—enabled by Defendants Feldstein's, Desai's, and Hagen's violations of their non-solicitation agreements—has harmed and will continue to harm AMD in ways that are both intangible and difficult to quantify, as well as tangible.

## IV. CAUSES OF ACTION

### COUNT I: Misappropriation of Trade Secrets, Massachusetts Common Law (Feldstein, Desai, Kociuk)

31.  AMD realleges and incorporates by reference the foregoing paragraphs.

32.  By virtue of their employment and responsibilities, Defendants Feldstein, Desai, and Kociuk were given access to trade secrets and other confidential and proprietary information—information that is used in AMD's business and gives it an opportunity to obtain an advantage over competitors who do not know or use it.

33.  AMD takes reasonable steps to preserve the secrecy of its confidential and proprietary information and trade secrets. AMD derives independent economic value from the fact that the information is not generally known to the public or to AMD's competitors.

34.  Defendants Feldstein, Desai, and Kociuk had and have a continuing duty to maintain confidentiality of trade secrets and other confidential and proprietary information, as well as a continuing duty not to use, exploit, or divulge such information other than in connection with the performance of their duties for AMD, for the benefit of AMD and with AMD's authorization.

35.  Defendants Feldstein, Desai, and Kociuk misappropriated, disclosed, misused, and/or exploited AMD's trade secrets and/or confidential and proprietary information to benefit themselves and/or NVIDIA, to the detriment of AMD.

36.  As a direct and proximate result of Defendants Feldstein's, Desai's, and Kociuk's wrongful conduct, AMD has suffered and will continue to suffer substantial direct and consequential damages.

37. As a direct and proximate result of Defendants Feldstein, Desai, and Kociuk's wrongful conduct, AMD has suffered and will continue to suffer irreparable harm that cannot be adequately redressed at law. Unless injunctive relief is granted, AMD will be irreparably harmed in a manner not fully compensable by money damages.

### COUNT II: Misappropriation of Trade Secrets, Massachusetts General Law ch. 93, § 42
### (Feldstein, Desai, Kociuk)

38. AMD realleges and incorporates by reference the foregoing paragraphs.

39. AMD has information, tangible or intangible or electronically kept or stored, that constitutes, represents, evidences or records a secret scientific, technical, merchandising, production or management information, design, process, procedure, formula, invention or improvement.

40. AMD took reasonable steps to preserve the secrecy of that information.

41. Defendants Feldstein, Desai, and Kociuk unlawfully took, carried away, concealed, or copied this information from AMD, with the intent to convert that information to their own use. This conduct was willful, knowing, and/or in bad faith.

42. Defendants Feldstein, Desai, and Kociuk's conduct violates the Massachusetts Trade Secrets Act, Massachusetts General Laws chapter 93, § 42.

43. As a direct and proximate result of Defendants Feldstein's, Desai's, and Kociuk's conduct, AMD has suffered and will continue substantial direct and consequential damages.

44. As a direct and proximate result of Defendants Feldstein's, Desai's, and Kociuk's wrongful conduct, AMD has suffered and will continue to suffer irreparable harm that cannot be adequately redressed at law. Unless injunctive relief is granted, AMD will be irreparably harmed in a manner not fully compensable by money damages.

## COUNT III: Unfair Competition, Massachusetts General Law ch. 93A, §11
## (Feldstein, Desai, Kociuk)

45. AMD realleges and incorporates by reference the foregoing paragraphs.

46. AMD engages in the conduct of trade or commerce.

47. Defendants also engage in trade or commerce.

48. Through their misappropriation of AMD's confidential, proprietary, and/or trade secret information, Defendants Feldstein, Desai, and Kociuk have used or employed an unfair method of competition and/or an unfair or deceptive act or practice.

49. As a direct and proximate result of Defendants Feldstein's, Desai's, and Kociuk's wrongful conduct, AMD has suffered and will continue substantial direct and consequential damages, including a loss of money and/or property.

50. As a direct and proximate result of Defendants Feldstein's, Desai's, and Kociuk's wrongful conduct, AMD has suffered and will continue to suffer irreparable harm that cannot be adequately redressed at law. Unless injunctive relief is granted, AMD will be irreparably harmed in a manner not fully compensable by money damages.

## COUNT IV: Violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030
## (Feldstein, Desai, Kociuk)

51. AMD realleges and incorporates by reference the foregoing paragraphs.

52. AMD's computers and computer systems are protected computers that are used in or affect interstate and foreign commerce or communication.

53. Defendants Feldstein, Desai, and Kociuk intentionally accessed AMD's protected computers, without authorization and/or in a way that exceeded their authorized access, and thereby obtained information from AMD's protected computers.

54. Defendants Feldstein's, Desai's, and Kociuk's access was without authorization and/or exceeded their authorized access because (i) it violated their employee agreements and/or

their employee duties of loyalty, (ii) it was not for AMD's benefit but was for their own benefit or the benefit of others, and/or (iii) they developed an interest adverse to AMD's before they accessed, copied, and/or transmitted the information they obtained.

55. Defendants Feldstein, Desai, and Kociuk caused loss and/or damage to AMD aggregating at least $5,000 in value during any 1-year period, including, among other things, the diagnostic measures AMD took after it learned of the defendants' unlawful access and copying and/or transmitting of information, including but not limited to the costs of engaging a computer forensics firm.

56. Consequently, Defendants Feldstein, Desai, and Kociuk have violated the Computer Fraud and Abuse Act, codified at 18 U.S.C. § 1030.

57. As a direct and proximate cause of Defendants Feldstein's, Desai's, and Kociuk's violations of the Computer Fraud and Abuse Act, AMD has suffered and will continue to suffer substantial direct and consequential damages.

58. As a direct and proximate cause of Defendants Feldstein's, Desai's, and Kociuk's violations of the Computer Fraud and Abuse Act, AMD has suffered and will continue to suffer irreparable harm that cannot be adequately redressed at law. Unless injunctive relief is granted, AMD will be irreparably harmed in a manner not fully compensable by money damages.

### COUNT V: Breach of Employee's Duty of Loyalty, Massachusetts Common Law (Feldstein, Desai, and Kociuk)

59. AMD realleges and incorporates by reference the foregoing paragraphs.

60. By virtue of their employment at and responsibilities for AMD, Defendants Feldstein, Desai, Kociuk, and Hagen had access to AMD's confidential, proprietary, and/or trade secret information. All four defendants occupied positions of trust and confidence.

61. Defendants, therefore, owed AMD the duty of loyalty.

62. Defendants Feldstein, Desai, and Kociuk promoted their own interests in a manner injurious to AMD. While they were still employed at AMD, Defendants Feldstein, Desai, and Kociuk copied and took AMD's confidential, proprietary, and/or trade secret information, without AMD's knowledge or approval.

63. Defendants Feldstein, Desai, and Kociuk, therefore, violated their duty of loyalty to AMD.

64. As a direct and proximate result of the foregoing wrongful conduct of Feldstein, Desai, and Kociuk, AMD has suffered and will continue to suffer direct and consequential damages.

65. As a direct and proximate result of the foregoing wrongful conduct of Feldstein, Desai, and Kociuk, AMD has suffered and will continue to suffer irreparable harm that cannot be adequately redressed at law. Unless injunctive relief is granted, AMD will be irreparably harmed in a manner not fully compensable by money damages.

### COUNT VI: Breach of Contract
### (Feldstein, Desai, Kociuk, Hagen)

66. AMD realleges and incorporates by reference the foregoing paragraphs.

67. The Advanced Micro Devices Agreement executed by Defendant Feldstein is a valid, enforceable contract, supported by consideration. Mr. Feldstein's promises—to return AMD data and records upon the termination of his employment, not to divulge confidential information to unauthorized persons or use such information for unauthorized purposes, not to hire or attempt to hire, directly or indirectly solicit, induce or encourage any AMD employee, to leave to work for another employer—are necessary to protect legitimate business interests of AMD. These obligations are reasonably limited in time and space, and they are consonant with the public interest.

68.    Mr. Feldstein breached his contract by failing to return AMD data and records upon the termination of his employment; divulging confidential information to unauthorized persons and/or using such information for unauthorized purposes; and/or hiring or attempting to hire, directly or indirectly soliciting, inducing or encouraging AMD employees to leave to work for another employer within one year of the end of his employment with AMD.

69.    The Business Protection Agreement executed by Defendant Desai is a valid, enforceable contract, supported by consideration.  As successor and assignee to ATI Technologies, Inc., AMD is entitled to enforce its rights under the contract.  Ms. Desai's promises—to return documents to the company, not to disclose confidential information to unauthorized persons or use such information for unauthorized purposes, and not to solicit employees for her own benefit or for the benefit of others—are necessary to protect legitimate business interests of AMD.  These obligations are reasonably limited in time and space, and they are consonant with the public interest.

70.    Ms. Desai breached her contract by failing to return documents to the company; disclosing confidential information to unauthorized persons and/or using such information for unauthorized purposes; and/or soliciting employees for her own benefit or for the benefit of others within two years of the end of her employment with AMD.

71.    The Business Protection Agreement executed by Defendant Kociuk is a valid, enforceable contract, supported by consideration.  As successor and assignee to ATI Technologies, Inc., AMD is entitled to enforce its rights under the contract.  Mr. Kociuk's promises—to return documents to the company, not to disclose confidential information to unauthorized persons, and/or not to use such information for unauthorized purposes—are

necessary to protect legitimate business interests of AMD. These obligations are reasonably limited in time and space, and they are consonant with the public interest.

72. Mr. Kociuk breached his contract by failing to return documents to the company; and/or disclosing confidential information to unauthorized persons and/or using such information for unauthorized purposes.

73. The Business Protection Agreement executed by Defendant Hagen is a valid, enforceable contract, supported by consideration. As successor and assignee to ATI Technologies, Inc., AMD is entitled to enforce its rights under the contract. Mr. Hagen's promise not to solicit employees or assist others to solicit employees is necessary to protect legitimate business interests of AMD. The obligation is reasonably limited in time and space, and it is consonant with the public interest.

74. Mr. Hagen breached his contract by soliciting employees or assisting others to solicit employees within two years of the termination of his employment.

75. As a direct and proximate result of Defendants' breaches of their contracts, AMD has suffered and will continue to suffer direct and consequential damages.

76. As a direct and proximate result of Defendants' breach of their contracts, AMD has suffered and will continue to suffer irreparable harm that cannot be adequately redressed at law. Unless injunctive relief is granted, AMD will be irreparably harmed in a manner not fully compensable by money damages.

**COUNT VII: Conspiracy**
**(Desai and Kociuk)**

77. AMD realleges and incorporates by reference the foregoing paragraphs.

78. Defendants Desai and Kociuk conspired with each other to misappropriate AMD's confidential, proprietary, and/or trade secret information; and/or to intentionally access AMD's

protected computers, without authorization and/or in a way that exceeded their authorized access, and thereby obtain information from AMD's protected computers; and/or to breach their duties of employee loyalty to AMD.

79. Defendants Desai and Kociuk acted in concert and in furtherance of a common design or agreement.

80. Defendant Kociuk provided substantial assistance to Defendant Desai. He knew or reasonably should have known that Ms. Desai's conduct in manipulating and/or transferring AMD's confidential, proprietary, and/or trade secret information, described above, constituted a breach of her duties to AMD. Defendant Kociuk's assistance was a substantial factor in causing the resulting tort. Defendant Kociuk had unlawful intent.

81. Additionally and alternatively, Defendants Desai and Kociuk engaged in a concerted action. They had a common plan to unlawfully manipulate and/or transfer AMD's confidential, proprietary, and/or trade secret information. Defendants Desai and Kociuk knew the common plan and its purpose, and they took affirmative steps to encourage the achievement of the result.

82. As a direct and proximate result of Defendants Desai and Kociuk's wrongful conduct, AMD has suffered and will continue substantial direct and consequential damages.

83. As a direct and proximate result of Defendants Desai and Kociuk's wrongful conduct, AMD has suffered and will continue to suffer irreparable harm that cannot be adequately redressed at law. Unless injunctive relief is granted, AMD will be irreparably harmed in a manner not fully compensable by money damages.

## REQUESTED RELIEF

For the reasons set forth above, Plaintiff Advanced Micro Devices, Inc. respectfully requests the following relief:

1.      Enter an Order granting the relief set forth in AMD's proposed Order attached to its Application for Expedited Ex Parte Temporary Restraining Order;

2.      Enter an Order granting a preliminary injunction to the same effect as the proposed temporary restraining order;

3.      Enter an Order granting a permanent injunction to the same effect as the proposed temporary restraining order;

4.      Enter judgment in favor of AMD and against Defendants on all counts of the Complaint;

5.      Award compensatory damages, calculated at the time of filing to be significantly in excess of the minimum diversity jurisdictional amount;

6.      Award consequential damages in an amount to be proven at trial;

7.      As to Count II, award double damages pursuant to Mass. Gen. Laws ch. 93, §§ 42, 42A;

8.      As to Count III, award double or treble damages pursuant to Mass. Gen. Laws ch. 93A, §11;

9.      Award applicable pre-judgment and post-judgment interest;

10.     Award AMD its attorneys' fees and costs of suit; and

11.     Award AMD any such other and further relief as the Court may deem just and proper.

## JURY DEMAND

AMD demands a trial by jury on all issues in this action.

For the reasons set forth above, AMD prays for a temporary restraining order, a preliminary injunction, and upon trial of the suit, a permanent injunction against Defendants. AMD further

prays for actual damages, consequential damages, double or treble damages where allowed by law, costs of suit, and reasonable attorney's fees, together with pre-judgment and post-judgment interest as allowed by law. AMD also seeks any other and further relief, at law or in equity, to which it may be justly entitled.

DATED: January 14, 2013

**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

By: _____
Christopher P. Sullivan (485120)
Anthony A. Froio (554708)

800 Boylston Street
25th Floor, Prudential Tower
Boston, MA 02199-7080
cpsullivan@rkmc.com
aafroio@rkmc.com
Tel: 617-267-2300\
Fax: 617-267-8288


**WEISBART SPRINGER HAYES LLP**

**By:** _____
Sherrard (Butch) Hayes (TX #00784232)
Sarah E. Janes (TX #24056551)
212 Lavaca Street, Suite 200
Austin, TX 78701
shays@wshllp.com
sjanes@wshllp.com
Tel: 512-652-5780
Fax: 512-682-2074


**ATTORNEYS FOR PLAINTIFF
ADANCED MICRO DEVICES, INC.**