UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ADVANCED MICRO DEVICES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT FELDSTEIN, MANOO DESAI,<br>NICOLAS KOCIUK, and RICHARD HAGEN,<br><br>Defendants. | Civil Action No.  13-40007-TSH |

### SUPPLEMENTAL BENCH BRIEF ON
### AMD'S ENTITLEMENT TO A PRELIMINARY INJUNCTION

At the conclusion of the hearing on AMD's request for a preliminary injunction, Defendants' counsel told the Court that *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (U.S. 2006), eliminates the presumption of irreparable harm.  This statement merits a brief response.[1]

First, *eBay* was not a trade secret case.  It was a patent infringement case decided in 2006, and courts—including those in this District—continue to apply the presumption in trade secret cases.  *See, e.g.*, *Optos, Inc. v. Topcon Med. Sys.*, 777 F. Supp. 2d 217, 241 (D. Mass. 2011) (declaring presumption of irreparable harm for trade secret misappropriation, five years after *eBay*).[2]

Second, while the Court certainly may rely on such a presumption, it does not need to here.  *See, e.g., Mercado-Salinas v. Bart Enters. Int'l,* 671 F.3d 12, 19 (1st Cir. 2011).  Among

---

[1] Also at the conclusion of the hearing on February 22, 2013, the Court indicated a willingness to accept additional filings, which Plaintiff has understood to obviate the need for leave to file this two page supplement.  Plaintiff also refers the Court to its Response in Opposition to Defendants' Motion to Dismiss, which addresses many of the legal arguments presented by Defendants at the injunction hearing.

[2] Even in cases where *eBay* may have eliminated the presumption, where the facts of a case are "similar to past cases," a presumption of irreparable injury can "be an appropriate exercise of [a court's] discretion in light of the historical traditions."  *Swarovski Aktiengesellschaft v. Bldg. #19, Inc.*, 704 F.3d 44 (1st Cir. 2013) (trademark case; internal quotation marks omitted).

1

other things, AMD has shown that three of the four Defendants intentionally took physical copies of AMD's sensitive, competitive confidential information[3] with them when they left to work for AMD's direct competitor, violating contractual, statutory, and common-law duties against trade-secret misappropriation; AMD confidential information is still firmly planted in the minds of these same Defendants (as evidenced by testimony and Defendants' arguments about what is in their "heads"); three of the four Defendants obviously disregarded their contractual non-solicitation obligations when they encouraged current AMD employees to leave AMD for NVIDIA; and that AMD is likely to be irreparably harmed in the future: Defendants' cavalier attitude toward AMD's trade secrets and contractual rights is likely to continue, and Defendants have the means (and the motivation) to continue to disregard AMD's rights.  If the Court determines that Defendants' credibility is suspect, based on their past conduct and questionable testimony, Defendants' self-serving statements of innocence and good intent do not rebut these showings.  Accordingly, AMD has more than adequately shown a likelihood of irreparable harm—even without the presumption—and entry of a preliminary injunction is warranted.

---

[3] This is stipulated in part, and the significance is distilled by Defendant Kociuk's testimony that their work data is "presumed" "blanket" confidential because of competition in the industry, particularly with NVIDIA, their employer.

DATED:  February 25, 2013

**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

By:     /s/ Christopher P. Sullivan
_____
  Christopher P. Sullivan (485120)
  Anthony A. Froio (554708)
  Morgia D. Holmes (681515)

800 Boylston Street
25th Floor, Prudential Tower
Boston, Massachusetts  02199-7080
cpsullivan@rkmc.com
aafroio@rkmc.com
mdholmes@rkmc.com
Tel:  617-267-2300
Fax:  617-267-8288


**WEISBART SPRINGER HAYES LLP**

By:     /s/ Sherrard (Butch) Hayes
_____
  Sherrard (Butch) Hayes (TX 00784232)
  Sara E. Janes (TX 24056551)
  Mia A. Storm (TX 24078121)
  Timothy Cleveland (TX 27055318)

212 Lavaca Street, Suite 200
Austin, Texas  78701
shayes@wshllp.com
sjanes@wshllp.com
mstorm@wshllp.com
tcleveland@wshlp.com
Tel:  512-652-5780
Fax:  512-682-2074

**ATTORNEYS FOR PLAINTIFF
ADVANCED MICRO DEVICES, INC.**

**CERTIFICATE OF SERVICE**

The undersigned hereby certified that copies of the Supplemental Bench Brief on AMD's Entitlement to a Preliminary Injunction filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on February 25, 2013.

/s/ Sherrard (Butch) Hayes

Sherrard (Butch) Hayes
WEISBART SPRINGER HAYES LLP
212 Lavaca Street, Suite 200
Austin, Texas  78701
Tel:  512-652-5780
Fax:  512-682-2074

**ATTORNEYS FOR PLAINTIFF
ADVANCED MICRO DEVICES, INC.**